## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**CLYDE BERNARD JOHNSON, II,**

      **Petitioner,**

**v.**                                                                    **Case No.: 8:20-cv-2280-T-27TGW**
                                                                         **Criminal Case No.: 8:14-cr-177-T-27TGW**

**UNITED STATES OF AMERICA,**

      **Respondent.**

_____/

## ORDER

**BEFORE THE COURT** are Petitioner Johnson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), his Memorandum of Law in Support (cv Dkt. 2), the United States' amended motion to dismiss his § 2255 motion (cv Dkt 6), and his response (cv Dkt. 7). Upon review, the United States' amended motion to dismiss is **GRANTED**, and Johnson's § 2255 motion is **DISMISSED**.

## BACKGROUND

In 2014, Johnson was charged by Information with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count One), and discharging a firearm during and in relation to and in furtherance of a crime of violence, specifically the offense charged in Count One, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count Two). (cr Dkts. 21, 23, 28). He waived his right to an indictment and pleaded guilty to Counts One and Two. (cr Dkts. 22, 24); (cr Dkt. 67 at 5-6). He was sentenced to 24 months imprisonment as to Count One and a consecutive term of 120 months as to Count Two. (cr Dkts. 44, 54, 68). He did not file an appeal.

1

In 2016, Johnson filed a § 2255 motion, which was dismissed as untimely. *See* Case No. 8:16-cv-1881-T-27MAP; (cr Dkt. 56). In 2020, he filed a § 2241 petition in the United States District Court for the Western District of Missouri, which was dismissed. *See* Case No. 6:20-cv-3084-BP (W.D. Mo.); (cv Dkt. 7-1 at 3-6). On June 25, 2020, the Eleventh Circuit Court of Appeals granted him leave to file a second or successive § 2255 motion, finding that he "has made a *prima facie* showing that his § 924(c) conviction may be unconstitutional in light of [*United States v. Davis*, 139 S. Ct. 2319 (2019)], as he potentially was sentenced under the now invalid residual clause of § 924(c)(3)." (cr Dkt. 61 at 4).[1] He filed the motion on September 20, 2020, contending that his § 924(c) conviction must be vacated because the predicate offense of conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence. (cv Dkts. 1, 2). The United States "concedes that because conspiracy to commit Hobbs Act robbery qualifies as a 'crime of violence' only under § 924(c)(3)(B)'s residual clause, if timely, Johnson's § 924(c) conviction cannot stand after *Davis*." (cv Dkt. 6 at 3 n.4); *see Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019). However, as the United States correctly contends, Johnson's § 2255 motion is untimely.[2] (cv Dkt. 6 at 4-8).

---

[1] Section 924(c) makes it a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). An offense qualifies as a "crime of violence" if it is a felony that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the elements clause), or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held that the residual clause is unconstitutionally vague. 139 S. Ct. at 2336.

The Eleventh Circuit did not address the timeliness of a second or successive § 2255 motion in its order granting leave. *See In re Jackson*, 826 F.3d 1343, 1350 (11th Cir. 2016) ("The question of whether [a petitioner's] § 2255 motion will be timely is not relevant to whether he can obtain permission to file the motion." (internal quotation marks, brackets, and citation omitted)).

[2] An evidentiary hearing is unnecessary, since the § 2255 motion "and the files and records of the case conclusively show that [Johnson] is entitled to no relief." 28 U.S.C. § 2255(b).

**DISCUSSION**

Although Johnson's *Davis* challenge to his § 924(c) conviction has merit, the claim is untimely, and he alleges no facts that support a finding of equitable tolling or actual innocence.

***Timeliness***

The Antiterrorism and Effective Death Penalty Act imposes a one-year limitation period to file a § 2255 motion, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Johnson asserts a right initially recognized by the Supreme Court in *Davis*, decided on June 24, 2019, and he does not contend that the limitation period began to run on a later date. *See In re Hammoud*, 931 F.3d 1032, 1039 (11th Cir. 2019) (finding that *Davis* announced a new substantive rule that applies retroactively to cases on collateral review). He did not file his motion until September 20, 2020, more than one year later.[3] *See Dodd v. United States*, 545 U.S. 353, 357 (2005) ("An applicant has one year from the date on which the right he asserts was initially recognized by this Court."). Accordingly, absent a basis to toll the limitation period,

---

[3] A *pro se* prisoner's pleading is deemed filed on the date the prisoner delivers the pleading to prison authorities for mailing. *See Washington v. United States*, 243 F.3d 1299, 1300-01 (11th Cir. 2001).

the motion is untimely.

***Equitable Tolling***

Johnson has not shown that tolling the limitation period is warranted. Equitable tolling is an "extraordinary" remedy "limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (internal quotation marks and citation omitted). Johnson must show that (1) he has been pursuing his rights diligently, and (2) an extraordinary circumstance prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner," and "[m]ere conclusory allegations are insufficient to raise the issue." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (citations omitted). Johnson has not shown that he has been diligently pursuing his rights or that an extraordinary circumstance prevented his timely filing.

*Davis* was decided on June 24, 2019. Johnson filed his application for leave to file a second or successive § 2255 motion in the Eleventh Circuit on June 10, 2020, nearly a year later. (cv Dkt. 6-1). The application was granted on June 25, 2020. (cr Dkt. 61). Even assuming the limitation period was tolled during the pendency of the application,[4] Johnson does not adequately explain why he waited more than 11 months to file his application and more than two months after leave was granted to file his § 2255 motion. His assertions do not support a finding of equitable tolling.

Johnson first asserts that, due to the Covid-19 pandemic, the prison in which he is housed

---

[4] *See In re Jackson*, 826 F.3d 1343, 1349-51 (11th Cir. 2016) (collecting cases and directing district court to decide issue on remand). Further, Johnson does not assert that there was a "lengthy delay between the issuance of a necessary order and [his] receipt of it." *See Drew v. Dep't of Corr's*, 297 F.3d 1278, 1288 (11th Cir. 2002). In any event, he has not shown that he "diligently attempted to ascertain the status of that order." *Id.*

has "essentially been locked down for most of this year," that "access to resources to allow the successful presentation of [his] case" has been limited, and that he "has been on lockdown status since February of this year and this status has been pretty fluid in the sense that the restrictions have only increased for [him]." (cv Dkt. 7 at 3-5). However, the Eleventh Circuit has held that prison lockdowns and restricted access to a law library or legal documents do not constitute extraordinary circumstances to warrant equitable tolling. *See Castillo v. United States*, No. 16-17028-E, 2017 WL 5591797, at *3 (11th Cir. May 4, 2017) (collecting cases); *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007).[5] Additionally, Johnson does not specify the resources to which access was restricted, or explain why he could not file the motion prior to the lockdown or September 20, 2020. Notwithstanding his assertions that the "restrictions and isolation made it next to impossible to get all of the research necessary completed to litigate [his] case," he was able to file his application for leave to file a second or successive § 2255 motion and the motion while the prison was still on lockdown. *See* (cv Dkt. 7 at 5-6 (noting that the lockdown status "still remains today")). And he was able to file a § 2241 petition and supporting memorandum on February 25, 2020, and a notice of appeal and request to appeal *in forma pauperis* on May 30, 2020. (cv Dkt. 7-1 at 4-8); *see* Case No. 6:20-cv-3084-BP, ECF: 1, 5 (W.D. Mo.).

Second, although Johnson asserts that his medical conditions prevented his timely filing,

---

[5] Additionally, courts have declined to grant equitable tolling based on prison lockdowns due to Covid-19. *See, e.g., Moreno v. United States*, No. 1:17-CR-0446-TCB-RGV-1, 2020 WL 7091088, at *2 (N.D. Ga. Sept. 18, 2020), *report and recommendation adopted*, 2020 WL 5939887 (N.D. Ga. Oct. 7, 2020) (noting that the petitioner "does not allege when the prison's law library was initially closed, nor has he explained why he could not have filed his motion before Covid-19 restrictions were in place. In fact, [he] states that the law library is 'still closed,' and he has filed this motion without access to it"); *United States v. Henry*, No. 2:20-cv-01821, 2020 WL 7332657, at *3-5 (W.D. Penn. Dec. 14, 2020); *United States v. Thomas*, No. 18-135, 2020 WL 7229705, at *2-3 (E.D. La. Dec. 8, 2020).

he has not established that his medical conditions were "sufficiently debilitating" to constitute extraordinary circumstances. *See Lang v. Alabama*, 179 F. App'x 650, 652 (11th Cir. 2006); *see also Mazola v. United States*, 294 F. App'x 480, 482 (11th Cir. 2008) (upholding finding that medical conditions did not "constitute[] extraordinary circumstances during the time that [the petitioner] was not hospitalized"). For example, although Johnson asserts that he was required to receive dialysis treatment three times a week, he does not specify when he began to receive dialysis, or explain why he could not prepare his application for leave and § 2255 motion when he was not receiving dialysis. *See* (cv Dkt. 7 at 3); *Lang*, 179 F. App'x at 652 (noting that petitioner with "do-not-sit order" failed to explain why he "could not sometimes sit in the law library for less than 30 minutes to prepare" his petition). In short, Johnson fails to establish that his medical conditions were sufficiently debilitating to constitute extraordinary circumstances.

Third, Johnson asserts that he was

> misled to believe that an alleged legal firm was representing [him] in this matter, when all the while they weren't attorneys at all, and they were filing frivolous motions to the U.S. District Court here in the Western District of Missouri, Southern Division (Springfield, MO), when I was supposed to seek permission for a second or successive petition from the 11th Circuit Court of Appeals to file the petition in the District Court. By the time I was made aware of the proper procedures for presenting my case in court, a significant amount of time had elapsed.

(cv Dkt. 7 at 2). He provides purported letters from the firm, which he contends establish that he exercised diligence in pursuing his rights. (Id. at 5-6); (cv Dkt. 7-1 at 1-2).

However, the first letter, dated February 21, 2020, reflects that a "staff attorney[] has reviewed your 2241 motion and has determined that it is legally correct as to the above 2241 motion for *pro se* filing." (cv Dkt. 7-1 at 1). And on February 25, 2020, he sent a signed letter to the clerk of the Missouri district court and filed a § 2241 petition and memorandum in which he

6

acknowledged that he was "appearing *pro se*." (cv Dkt. 7-1 at 3); Case No. 6:20-cv-3084-BP, ECF: 1 at 9-10, 32 (W.D. Mo. Mar. 18, 2020). The petition was dismissed on May 13, 2020, and the dismissal was affirmed on September 3, 2020. *See* Case No. 6:20-cv-3084-BP, ECF: 3, 11.[6]

In summary, the record reflects that Johnson, not counsel, filed his § 2241 petition prior to obtaining leave to file a second or successive § 2255 motion, and the petition did not toll the limitation period. *See Barnes v. United States*, 437 F.3d 1074, 1079-80 (11th Cir. 2006) (noting that "§ 2255 does not contain the same exhaustion and tolling provisions as state habeas petitions filed under 28 U.S.C. §§ 2244 and 2254"); *see also Jones v. United States*, 304 F.3d 1035, 1040-42 (11th Cir. 2002). Further, ignorance of the law or procedure does not constitute an extraordinary circumstance. *See Johnson v. United States*, 544 U.S. 295, 311 (2005); *see also Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013). In any event, he has not shown that the purported firm's determination that his § 2241 petition was "legally correct" constitutes an extraordinary circumstance preventing timely filing. *See, e.g.*, *Chavez v. Sec'y Fla. Dept. of Corr.*, 647 F.3d 1057, 1060-61 (11th Cir. 2011) (finding no equitable tolling where petitioner's allegations as to attorney representation constituted "garden variety negligence or neglect").

Last, Johnson has not shown that he exercised due diligence in pursuing his rights. Although he raised his *Davis* claim in his § 2241 petition, he did not file the petition until February 2020, several months after *Davis* was decided. Further, he did not file his second or successive § 2255 for more than two months after his application for leave was granted. In summary, absent extraordinary circumstances or due diligence, Johnson's allegations do not support a finding of

---

[6] In the order dismissing the petition, the court noted that Johnson "omitted any evidence indicating inability to seek permission to file a second or successive motion" and "may raise his *Davis* claim in a properly filed § 2255 motion after seeking and obtaining permission to file a second or successive motion." (cv Dkt. 7-1 at 6).

equitable tolling, and no evidentiary hearing is necessary. *See, e.g.*, *Lang*, 179 F. App'x 650.

***Actual Innocence***

Although Johnson asserts that he is "actually innocent" of his § 924(c) conviction, *see* (cv Dkt. 2 at 7), he does not contend that actual innocence is a basis to excuse his untimely filing. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1010-11 (11th Cir. 2012) (explaining types of actual innocence claims). In any event, the contention is without merit.

First, Johnson cites no authority in support of the proposition that the actual innocence exception applies when a § 924(c) conviction is no longer supported by a crime of violence. As the Supreme Court has instructed, "[a]ctual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998). Relying on *Bousley*, the Eleventh Circuit has rejected "legal innocence" challenges to the designation of crimes of violence supporting career offender enhancements. *See, e.g.*, *McKay v. United States*, 657 F.3d 1190 (11th Cir. 2011). In *McKay*, the Eleventh Circuit explained that the petitioner made

> the purely *legal* argument that he is actually innocent of his career offender
> sentence because his prior conviction for carrying a concealed weapon
> should not have been classified as a "crime of violence" under the
> Guidelines. [He] does not even suggest, because he cannot, that he did not
> actually commit the crime of carrying a concealed weapon. In other words,
> he makes no claim of *factual* innocence of the predicate offense.

*Id.* at 1199 (emphasis in original).[7]

---

[7] Some courts have cited *McKay* in finding that the actual innocence exception is inapplicable in the context of a *Davis* claim. *See, e.g.*, *Kamahele v. United States*, No. 2:15-CV-00506-TC, 2017 WL 3437671, at *15 (D. Utah Aug. 10, 2017), *aff'd on other grounds*, 822 F. App'x 848 (10th Cir. 2020); *see also Smith v. United States*, No. 2:07-CR-523-KOB-GMB, 2020 WL 2132048, at *8 (N.D. Ala. May 5, 2020) (finding that challenge to § 924(c) conviction constituted "legal arguments"). Other courts have suggested that actual innocence as to a § 924(c) conviction may allow a petitioner to circumvent a procedural bar. *See United States v. Reece*, 938 F.3d 630, 634 n.3 (5th Cir. 2019), *as revised* (Sept. 30, 2019); *see also United States v. Bowen*, 936 F.3d 1091, 1097 n.2 (10th Cir. 2019) (noting that the question is open).

Johnson fails to explain why this reasoning does not apply to the designation of an offense as a crime of violence to support a § 924(c) conviction. And he does not provide new evidence showing that he is factually innocent of his crimes. As he acknowledges, the stipulated factual basis in his plea agreement reflects that he conspired with other individuals to rob a jewelry store and that, during the robbery, he brandished a semi-automatic pistol, "stole some of the victim-employees' wallets and, before fleeing the store, fired a shot into the floor near the counter." (cr Dkt. 24 at 19); (cv Dkt. 2 at 3-4); *see also* (cr Dkt. 67 at 6, 11, 17, 30-35).

Additionally, the Supreme Court has noted that "in cases where the Government has forgone more serious charges in the course of plea bargaining, petitioner's showing of actual innocence must also extend to those charges." *Bousley*, 523 U.S. at 624; *see also United States v. Montano*, 398 F.3d 1276, 1285 (11th Cir. 2005); *see also United States v. Caso*, 723 F.3d 215, 221-22 (D.C. Cir. 2013) (extending to "equally serious" charges); *Lewis v. Peterson*, 329 F.3d 934, 937 (7th Cir. 2003) (same); *United States v. Scruggs*, 714 F.3d 258, 266 (5th Cir. 2013). The initial criminal complaint charged Johnson with "conspiracy to interfere and interference with interstate commerce by robbery," in violation of 18 U.S.C. § 1951(a), and a violation of § 924(c) predicated on both the conspiracy to commit Hobbs Act robbery and Hobbs Act robbery. (cr Dkt. 1 at 1, 3, 8). Prior to the filing of the Information and Johnson's Waiver of Indictment, the United States moved for a "determination by the Court that the ends of justice warrant a brief tolling of the speedy indictment clock," noting that "the parties have begun negotiating a possible resolution of the instant matter, short of the government seeking an indictment by a federal grand jury for the offenses charged in the criminal complaint." (cr Dkt. 18 at 3). The Information did not charge Johnson with substantive Hobbs Act robbery, and Johnson has not shown that he is actually

innocent of the crime. (cr Dkts. 21, 22).

In any event, even without "record evidence" that the United States "elected not to charge" him with Hobbs Act robbery "in exchange for his plea of guilty," he has not shown that he is actually innocent of his § 924(c) offense. *See Bousley*, 523 U.S. at 624. In summary, absent allegations that support Johnson's "factual innocence," his claim of actual innocence is not a basis to excuse his untimely filing. Accordingly, his § 2255 motion is due to be dismissed as untimely.

### *Certificate of Appealability ("COA")*

Johnson has met the requisite standard for a COA on whether his motion should be dismissed as untimely. Specifically, he has demonstrated that his *Davis* challenge to his § 924(c) conviction has merit. Further, he has demonstrated that jurists of reason could disagree with this Court's procedural rulings and find that Johnson adequately raised actual innocence as a basis to excuse his untimely filing, that he is actually innocent of his § 924(c) offense, and that he is not required to prove that he is actually innocent of Hobbs Act robbery. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standard for procedural rulings). Accordingly, a COA limited to these issues is granted.

**CONCLUSION**

The United States' motion to dismiss (cv Dkt. 6) is **GRANTED**, and Petitioner Johnson's § 2255 motion (cv Dkt. 1) is **DISMISSED**. The Clerk is directed to enter judgment in the United States' favor and against Johnson, terminate any pending motions, and **CLOSE** this case.

**DONE AND ORDERED** this 23rd day of March, 2021.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record

11